UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JASON SINGLETON,

          Plaintiff,

    v.                                       Civil Case No.: 6:23-cv-6359

THE CITY OF GENEVA and DETECTIVE
STEVEN VINE,

          Defendant.

_____

## STIPULATED PROTECTIVE ORDER

Jason Singleton ("Plaintiff") and the City of Geneva (the "City"), and Detective Steven Vine ("Detective Vine") (collectively "Defendants"), hereby agree to entry of this agreed upon and stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c), with regards to the production of documents and other materials, including depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by the parties in connection with any discovery in the above-captioned litigation ("Discovery Materials") with the following terms:

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff and Defendants, and their undersigned counsel, that:

1.     A party producing Discovery Material may designate Discovery Material as "Confidential" under the terms of this Protective Order ("Confidential Discovery Material") if such Discovery Material contains information that concerns:

    a.  An individual's legally protected privacy interest;

    b.  Witnesses' personal information;

1

    c.  Medical records;

    d.  Mental Health Records;

    e.  Documents which contain information deemed confidential under New York State or federal law;

    f.  Information which is designated in good faith as "confidential" by counsel for either party;

    g.  Privileged information.

2.    The documents requested relating to Plaintiff's employment including but not limited to, Plaintiff's entire personnel file(s), disciplinary records, and complaints or grievances filed against him or that he filed against co-workers, supervisors, or his employer, all of which are subject to and fall within the provisions of this Protective Order.

3.    The documents requested relating to Detective Vine's employment including but not limited to, his entire personnel file(s), disciplinary records, and complaints or grievances filed against him, are subject to and fall within the provisions of this Protective Order.

4.    Personal information of the parties, such as, but not limited to, social security numbers, addresses, telephone numbers, names of family members and/or any information about Plaintiff's and Defendants' family member(s), medical, and payroll and/or bank records, shall be redacted prior to disclosure.

5.    All internal affairs division documents, personnel files, disciplinary records, and complaints or grievances of Detective Vine or against Detective Vine shall be considered Confidential Discovery Material.

6.    All reports and records that are sealed by Court Order pursuant to New York Criminal Procedure Law § 160.50 of the investigation conducted by the City of Geneva and

Detective Vine into the incident which is the basis for the action, shall be considered Confidential Discovery Material.

7. The designation of Discovery Material as confidential ("Confidentiality Designation") constitutes a representation that the Discovery Material has been reviewed by the party designating it as confidential ("Designating Party") and that the Designating Party has determined that there is good cause for the designation as provided by Paragraph 1, 2, 3, 4, 5, or 6. Under no circumstances shall information which is otherwise publicly available be designated as Confidential Discovery Material.

8. The documents shall be stamped "Confidential" by the parties prior to being produced to counsel. A party seeking additional copies of previously disclosed documents shall bear the cost of such production.

9. Any Confidential Discovery Material received in the context of this litigation shall only be used for the purposes of preparing for and litigating the above-captioned action.

10. Confidential Discovery Material may not be disclosed to, or used by, anyone other than the parties and counsel of record for the parties, with the exception of the following individuals:

    a. Employees or co-workers of counsel of record for the parties;

    b. The Court and court personnel;

    c. Experts and consultants retained to assist counsel;

    d. Witnesses, deponents, and their counsel for deposition or trial, but only to the extent that the confidential information disclosed is relevant to that particular witness, or is relevant to that particular deponent's testimony.

11.	Documents may be designated confidential by marking any page of the document containing confidential information as "Confidential."

12.	Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 10(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Order and obtain the expert's or consultant's written agreement, and obtain an affidavit from that expert that he or she agrees to comply with and be bound by its terms.

13.	Testimony may be designated as confidential by marking the page of the testimony transcript containing confidential information as "Confidential." Other Discovery Material that is not easily physically marked, such as video or audio recordings, may be designated confidential by providing a letter to opposing counsel that clearly identifies the Discovery Material at issue and designates it as "Confidential."

14.	With respect to any depositions that involve disclosure of Confidential material, the parties shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 10 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 10 above during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Protective Order.

15.     At any time, a party may designate a document as confidential that has already been produced and was not initially designated as confidential by notifying, in writing, all other parties that the Discovery Material constitutes Confidential Discovery Material.

16.     A party may object to a Confidentiality Designation at any time by notifying the Designating Party in writing of the objection and identifying the specific Discovery Material at issue.  If the Confidentiality Designation cannot be resolved, the objecting party may move at any time for an Order from the Court to remove the Confidentiality Designation of the disputed Discovery Material.  The Discovery Material at issue shall continue to be treated as "Confidential" until the Court rules on the motion.

17.     In the event that Confidential Discovery Material is disclosed to any person in a manner not authorized by this Protective Order, the disclosing party shall immediately inform all other parties of the material disclosed.  This notification must include identifying the date of the disclosure, the specific material disclosed, the recipient of the material, and all pertinent facts relating to the disclosure.  The disclosing party shall take appropriate measures and make all reasonable efforts to ensure that the inadvertently disclosed Confidential Discovery Material is returned and not further disclosed, and notify in writing all parties confirming that the Confidential Discovery Material is returned.

18.     A party who seeks to file with the Court Discovery Material that has been designated as "Confidential," shall do so by seeking leave of the Court to file under seal.  The Parties may not file any documents under seal without first obtaining permission from the Court and complying with the Western District of New York Local Rules.  The Court retains discretion to determine whether any document should be sealed regardless of the parties' confidential designation of the document.

19.     Prior to making such a motion to file under seal, the party seeking to include Confidential Discovery Material in a filing shall provide all other parties with written notice of its intent to file such material with the Court.

20.     In a motion to file under seal, the moving party shall indicate whether any party objected to all or part of the sealing, and include a proposed public version of the filing containing redactions of all Confidential Discovery Material that the party believes should be sealed for good cause. The Court shall then determine whether there is good cause for filing the information under seal. With regard to any information that the Court finds was properly designated as Confidential Discovery Material and should be filed under seal, the moving party shall file under seal an unredacted version of the filing and submit the same to opposing counsel.

21.     Any party may file a motion to unseal a sealed filing at any time.

22.     Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission that any particular document or information is or is not confidential. Further, nothing in this Protective Order shall operate as an admission that any particular document or information is or is not discoverable or admissible at the trial of this action.

23.     Nothing in this Protective Order shall be construed to limit a producing party's use of its own Confidential Materials in any manner.

24.     Nothing in this Protective Order shall affect the admissibility or non-admissibility of documents or other evidence at trial.

25.     The inadvertent or unintentional disclosure by any of the parties of confidential documents or information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed to waive in whole or in part any claims of confidentiality, either

as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

26.     This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.  All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time.  Parties agree that all records and documents obtained during the course of this lawsuit shall only be used in this matter.

27.     The parties agree that all records and documents sealed pursuant to New York Criminal Procedure Law § 160.50 or other applicable statutory provision by Court Order, as referenced in paragraph 6 above, shall not be used for any other purpose other than this federal lawsuit.

28.     Within 90 days of the issuance of a final order, or exhaustion of all appeals, all parties, their attorneys, and any person or entity in possession of designated confidential material received in connection with this lawsuit, shall destroy it or return it to the disclosing counsel, except that counsel for all parties may retain one archival copy of the confidential materials constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition exhibits, and trial exhibits for their records.  This paragraph shall not be construed to require the Court to return any confidential materials filed in this action upon its completion.

29.     This Protective Order shall remain in full force and effect until modified, superseded, or terminated by the consent of the parties, or by Order of the Court, and shall survive the termination of this action.

30.     The disclosure or production of any Discovery Material in this litigation by any non-party to this case shall be subject to, and governed by, the terms of this Protective Order.

31.     The parties reserve their rights to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this action.

Dated: April 10, 2024
      Syracuse, New York

_____
Shannon T. O'Connor, Esq.
Erin E. Elmouji, Esq.
Anna M. Patton, Esq.
Weaver Mancuso Brightman PLLC
*Attorneys for Defendants*
16 Oswego Street, Suite 2
Baldwinsville, NY 13027
(585) 301-4885
apatton@wmbpllc.com


Dated: April 10, 2024
      New York, New York

_____
Robert H. Rickner, Esq.
Sara Wolkensdorfer, Esq.
Rickner PLLC
*Attorneys for Plaintiff*
14 Wall Street, Suite 1603
New York, NY 10005
(212) 300 – 6506
rob@ricknerpllc.com


SO ORDERED

_____
Hon. Mark W. Pedersen
United States Magistrate Judge
Dated: _____April 18_____, 2024

8