# Rickner PLLC

Sara Wolkensdorfer | sara@ricknerpllc.com

July 9, 2025

**Via ECF**
Hon. Mark W. Pedersen
United States Magistrate Judge
100 State Street
Rochester, New York 14614

> Re:    *Singleton v. The City of Geneva et al.*, 23-cv-06359-EAW-MJP

Dear Judge Pederson:

We represent Plaintiff in the above-captioned action and write to respectfully request a forty-five (45) day extension of time to complete discovery. The current deadline for completion of discovery is July 14, 2025, and therefore, we respectfully request an extension to August 28, 2025. This is the parties' fifth request for an extension to all discovery deadlines.[1]

Plaintiff brought the instant action for injuries he sustained when he was wrongfully prosecuted and imprisoned by Defendants the City of Geneva ("City") and Detective Steven Vine ("Vine"). Specifically, he alleges causes of actions under 42 U.S.C. § 1983 (prosecution without probable cause and due process violations against Vine); state law (intentional and/or negligent affliction of emotional distress and malicious prosecution against Defendants, and negligent hiring, screening, retention, supervision, and training and *Monell* claims against the City); and the state constitution (violation of Article I, § 12 against Defendants).

Since our last letter to Your Honor (ECF No. 46), the parties met and conferred several times regarding depositions. In mid-April 2025, Plaintiff provided Defendants with the names of five non-party witnesses they wished to depose, three of whom are employed by the Ontario County Sheriff's Office ("OCSO"). Plaintiff promptly served subpoenas on the three OCSO non-party witnesses. The parties waited until this year, after receiving all third-party responses to Defendants' subpoena requests, to schedule depositions in an effort to avoid having to recall witnesses.

At the beginning of May 2025, defense counsel indicated that she was actively working on getting contact information for the remaining two non-party witnesses, who were previously employed by the Defendant City. The parties also scheduled Plaintiff and Defendant Steven Vine's depositions for the last full week of May, giving Plaintiff's counsel enough time to identify her expert witness by the deadline. Unfortunately, the day before Plaintiff's deposition, defense counsel informed undersigned counsel that their entire office was having technological

---

[1] The first four requests to extend all discovery deadlines, made over the course of the last year, were largely due to extreme delays in third-party responses to Defendants' subpoena requests and outside the control of the parties.

Rickner PLLC

issues and that it would be best for us to reschedule Mr. Singleton's deposition to several days later, and Detective Vine's to the following week. Plaintiff's counsel agreed and Mr. Singleton re-arranged his work schedule to accommodate this request.

The day before Mr. Singleton's deposition was to take place, defense counsel again informed undersigned counsel that due to unforeseen circumstances, she would be out of the office on the date of his deposition to handle a personal matter. Plaintiff was ready to move forward with Detective Vine's deposition the following week, but defense counsel did not want to do party depositions out of order, and as such, his deposition was also rescheduled.

The following week, the first week of June, the parties met and conferred regarding the deposition schedule and defense counsel indicated that she was rearranging her schedule to ensure her availability and would update undersigned counsel accordingly.

The following week, Plaintiff's counsel reached out several times regarding the deposition schedule and defense counsel confirmed that her only availability in June was the 24th through the 27th, with Mr. Singleton's deposition to take place first, tentatively on June 24, 2025. Plaintiff's counsel confirmed availability on those dates. The week of June 16, 2025, Plaintiff's counsel reached out several times to confirm Mr. Singleton's deposition. On June 20, 2025, the parties scheduled and confirmed Plaintiff's deposition to take place on June 25, 2025, and Detective Vine's on June 27, 2025.

During Detective Vine's deposition, Plaintiff discovered that there is an entire confidential informant file—for the confidential informant who gave the information that led to Mr. Singleton's arrest—and a separate police file—that is directly related to the probable cause Defendants had to pull over and arrest Mr. Singleton—that had not been produced. After the deposition, defense counsel promptly requested the police file and served a copy on Plaintiff's counsel yesterday. As the confidential informant file and/or documentation should have been provided as part of the Ontario County District Attorney's Office subpoena responses, defense counsel has worked to obtain the names of attorneys that worked in the office at the relevant time period to understand the lack of information about the confidential informant in the documents produced. This information is also pertinent to Plaintiff's case and should have been produced with the unsealing order for records related to his criminal case. Although these insufficient third-party responses were out of the control of the parties, we are actively working together in an attempt to resolve it.

During today's deposition of one of the non-party witnesses from OCSO, the parties discovered that there were additional documents that had not been provided by the Sheriff's Office in response to Defendants' subpoena request. More specifically, the witness described several internal records, including notes from the 911 center and an incident report, that he reviewed to prepare for his deposition, that counsel had never seen. The 911 center notes also confirmed that there were a total of seven OCSO officers involved in Mr. Singleton's arrest, four of whom neither party had heard of until today. As such, the parties will be following up with the OCSO regarding their insufficient subpoena response and Plaintiff's counsel will need to subpoena the additional four fact witnesses.

Rickner PLLC

The parties were scheduled to conduct another non-party witness deposition tomorrow, of the former Chief of Police, but unfortunately, the witness indicated that he is no longer available. His deposition is in the process of being rescheduled for next week.

Next week, the parties are scheduled to complete at least two other non-party witness depositions and are in active communication with the OCSO regarding the two retired non-party witnesses. Plaintiff's counsel has repeatedly contacted the Sheriff's Office and the County's Law Department to obtain contact information for the retired officers but has not received a substantive response. Additionally, defense counsel has attempted to reach out but has similarly not been able to obtain any helpful information. As such, Plaintiff may need to move for an Order compelling disclosure of the Officers' last known contact information.

Although the parties have been working amicably to complete discovery, several unexpected deposition cancellations have left Plaintiff in a position where their depositions are the only ones left outstanding. Additionally, the discovery of several pieces of missing and relevant evidence means that both parties will need to follow up with the various agencies involved, schedule additional depositions, and potentially move to compel discovery. Despite these obstacles, the parties have made substantial progress in completing discovery and Plaintiff believes he has shown good cause for a forty-five (45) day extension of time to complete discovery.[2]

Plaintiff discussed this request for an extension of time with Defendants, who indicated their consent. The parties are also happy to appear for a teleconference to discuss outstanding discovery at the Court's request.

We thank the Court for considering this request.

Respectfully,

    /s/

Sara Wolkensdorfer

---

[2] Plaintiff respectfully requests 45 days, in part, because undersigned counsel will be in trial in the Northern District of New York the entire last week of July 2025.