# Rickner | Moskovitz

Sara Wolkensdorfer, Associate   |   (212) 300-6506   |   sara@rmcivilrights.com

November 28, 2025

**Via ECF**
Hon. Mark W. Pedersen
United States Magistrate Judge
100 State Street
Rochester, New York 14614

      Re:    *Singleton v. The City of Geneva et al.*, 23-cv-06359-EAW-MJP

Dear Judge Pederson:

We represent Plaintiff in the above-captioned action and write to respectfully request a forty-five (45) day extension of time to complete discovery. The current deadline for completion of discovery is December 1, 2025, and therefore, we request an extension to January 15, 2026.[1] Additionally, the current deadline for dispositive motions is December 29, 2025, and therefore, we request an extension to February 12, 2026. This is the parties' eighth request for an extension of discovery deadlines.

Since our last request for an extension of time to complete discovery (ECF No. 61), the parties have made significant progress in completing discovery. Plaintiff's counsel has deposed Ontario County Sheriff's Officer Patrick Fitzgerald and retired Officer Mark Taylor, both of whom were believed to be on the scene at the time of Mr. Singleton's arrest. Additionally, Defendants have served complete responses to Plaintiff's post-deposition requests for production. The parties also have scheduled the deposition of Mr. Singleton's former parole officer to take place on December 16, 2025 at 10 a.m.

As described in our previous letter requests, the biggest problem are the productions, or lack thereof, by the Ontario County Sherriff's Office ("OCSO") and the Ontario County District Attorney's Office ("OCDA"). Last month, Plaintiff served subpoenas on both agencies for documents related to Mr. Singleton's arrest and criminal case. In response, Plaintiff's counsel received the same limited set of documents that Defendants received earlier in discovery. As we now know this limited set of documents is not the entire universe of responsive documents in the custody and control of OCSO and OCDA, the parties requested a meet and confer with Ontario County Attorney Nathan Thomas. County Attorney Thomas represented that he had not received the subpoena for the District Attorney's Office but agreed to accept service via email. He represented that he will begin working to gather

---

[1] As a forty-five (45) day extension falls on November 27, 2025 (Thanksgiving) and November 28, 2025 is an Administrative Closing.



responsive documents immediately, however, advised that since the recent election, there has been tremendous turnover within the District Attorney's Office, which may delay obtaining documents responsive to our request.

The parties also met and conferred to schedule the depositions of the remaining three non-party witnesses who were subpoenaed on July 11, 2025. We were unable to complete non-party depositions within the last forty-five days because defense counsel was very ill with pneumonia for the last month. Additionally, Plaintiff's counsel was in trial in the Northern District for the first two weeks of November. The parties have contact information for two of these non-party witnesses and are working to schedule them for shortly after the Thanksgiving holiday. We do not expect these depositions to take more than an hour or two each.

As the parties have been working amicably to complete discovery and have resolved several of the issues related to missing discovery, we believe an additional extension will provide us with sufficient time to complete documentary disclosure and all remaining depositions, including a second deposition of Defendant Vine, if new documents present areas of questioning that were not previously available.

In sum, Plaintiff is not at fault for these delays, which were caused by the two non-party agencies and issues with scheduling witnesses, most of whom are retired. As such, Plaintiff believes he has shown good cause for a forty-five-day extension of time to complete discovery.

Plaintiff discussed this request for an extension of time with Defendants, who indicated their consent. The parties are also happy to appear for a teleconference to discuss outstanding discovery at the Court's request.

We thank the Court for considering this request.

Respectfully,

/s/

Sara Wolkensdorfer