**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**Jason Singleton,**

Plaintiff,

v.

**The City of Geneva and Detective Steven Vine,**

Defendants.

**DECISION and ORDER**

23-cv-6359-EAW-MJP

**Pedersen, M.J.** Plaintiff Jason Singleton seeks to amend his complaint, (Mot. to Amend/Correct Compl., Apr. 21, 2026, ECF No. 73 ("Mot. to Amend")), and Defendants the City of Geneva and Steven Vine oppose his motion and cross-move to reopen discovery should the Court permit amendment, (Cross-Mot. and Resp. in Opp'n re Mot. to Amend/Correct Compl., May 12, 2026, ECF No. 78 ("Cross-Mot.")). Because Singleton has not shown diligence and thus good cause for extending the expired deadline for motions to amend, the Court denies his motion under Federal Rule of Civil Procedure 16(b)(4) and denies the cross-motion to reopen discovery as moot.

## BACKGROUND

After his state-court drug conviction was overturned on appeal and the criminal proceeding resolved in his favor, Singleton filed this action in June 2023 under 42 U.S.C. § 1983 and state law against the

City and Vine, a police detective involved in his arrest and prosecution. (Compl. 1–4, Jun. 26, 2023, ECF No. 1.) The Court entered this action's scheduling order on October 31, 2023, adopting the parties' joint request that motions to amend the pleadings be due March 18, 2024, and that "paper discovery" close a month later, on April 18, 2024. (Scheduling/Case Management Order, Oct. 31, 2023, ECF No. 19; *see* Joint Mot. for Disc., Oct. 24, 2023, ECF No. 18.) In the scheduling order, the Court provided that any extension request be "made before the applicable cut-off date" and "detail good cause for the extension." (ECF No. 19 at 3.)

After the motions-to-amend deadline passed without any party moving to amend, Defendants moved in April 2024—with Singleton's consent—to extend the scheduling order's discovery deadlines. (First Mot. for Extension of Time to Complete Disc. on Behalf of All Parties, Apr. 9, 2024, ECF No. 24 ("First Mot.").) Defendants noted that "on or about February 26, 2024," Singleton had served his initial discovery demands—including interrogatories and requests for production—and that Defendants' responses to those demands were outstanding. (*Id.* at 1.) They explained further that they had moved on February 27, 2024, "to unseal the records and grand jury testimony in [the] underlying criminal proceeding" and that the state court had not yet ruled on that motion. (*Id.* at 2.) They also noted that they were not seeking an "extension of the remaining deadlines set forth in the scheduling order." (*Id.*)

The Court granted the extension motion and entered an amended scheduling order without extending the expired motions-to-amend deadline. (Text Order, Apr. 10, 2024, ECF No. 26; Am. Scheduling/Case Management Order, Apr. 18, 2024, ECF No. 30.)

With all parties' consent, the parties requested numerous additional discovery extensions but did not move to extend the expired motions-to-amend deadline. (Second Mot. for Extension of time to Complete Disc. on Behalf of All Parties, June 13, 2024, ECF No. 31; Third Mot. for Extension of Time to Complete Discovery on Behalf of All Parties, Aug. 15, 2024, ECF No. 34; Fourth Mot. for Extension of Time to Complete Discovery on Behalf of All Parties, Oct. 15, 2024, ECF No. 37; Consent Mot. for Extension of Time to Complete Disc., Apr. 15, 2025, ECF No. 46; Consent Mot. for Extension of Time to Complete Disc., July 9, 2025, ECF No. 51; Consent Mot. for Extension of Time to Complete Disc., Aug. 27, 2025, ECF No. 56; Consent Mot. for Extension of Time to Complete Disc., Sept. 3, 2025, ECF No. 58; Consent Mot. for Extension of Time to Complete Disc., Oct. 9, 2025, ECF No. 61; Consent Mot. for Extension of Time to Complete Disc., Nov. 28, 2025, ECF No. 64; Consent Mot. for Extension of Time to Complete Disc., Jan. 14, 2026, ECF No. 67; Letter Mot., Feb. 13, 2026, ECF No. 70.) The Court granted the requested extensions. (Am. Scheduling/Case Management Order, Apr. 18, 2024, ECF No. 30; Second Am. Scheduling/Case Management

Order, June 26, 2024, ECF No. 33; Third Am. Scheduling/Case Management Order, Aug. 20, 2024, ECF No. 36; Fourth Am. Scheduling/Case Management Order, Oct. 30, 2024, ECF No. 42; Fifth Am. Scheduling/Case Management Order, July 14, 2025, ECF No. 54; Sixth Am. Scheduling/Case Management Order, Sept. 22, 2025, ECF No. 60; Seventh Am. Scheduling/Case Management Order, Oct. 10, 2025, ECF No. 63; Eighth Am. Scheduling/Case Management Order, Dec. 8, 2025, ECF No. 66; Ninth Am. Scheduling/Case Management Order, Jan. 16, 2026, ECF No. 69; Tenth Am. Scheduling/Case Management Order, Feb. 18, 2026, ECF No. 72.)

On April 21, 2026, more than two years after motions to amend were due in March 2024 and nearly a month after discovery closed in March 2026, Singleton filed the pending motion to amend the complaint. (Mot. to Amend, Apr. 21, 2026, ECF No. 73; *see* Scheduling/Case Management Order 2, Oct. 31, 2023, ECF No. 19; Tenth Am. Scheduling/Case Management Order 1, Feb. 18, 2026, ECF No. 72.) He urges the Court to grant him leave to amend because, in his view, he only recently learned information in discovery that supports his proposed amendments. (Pl.'s Mem. of Law in Supp. of Mot. to Amend the Compl. 20–21, Apr. 21, 2026, ECF No. 73-2 ("Pl.'s Mem.").)

Defendants oppose granting leave to amend and, in the alternative, cross-move to reopen discovery. (Cross-Mot., May 12, 2026, ECF

No. 78.) Defendants argue that Singleton fails to show good cause under Federal Rule of Civil Procedure 16(b)(4) to warrant a belated motion to amend because, in their view, he has long been aware of the allegations that he seeks to add to his complaint. (Defs.' Mem. of Law 3–9, May 12, 2026, ECF No. 78-18.) Defendants also urge the Court to deny leave to amend under Rule 15(a), contending that Singleton acted with "undue delay," "bad faith," and "dilatory motive" and that amendment would cause "prejudice" and be "futile." (*Id.* at 9–22.) In the alternative, they seek to reopen discovery to address his new allegations. (*Id.* at 22–24.)

## DISCUSSION

The motion for leave to amend the complaint is untimely because Singleton filed it more than two years after the March 18, 2024, deadline for such motions. (Mot. to Amend, Apr. 21, 2026, ECF No. 73; *see* Scheduling/Case Management Order 2, Oct. 31, 2023, ECF No. 19.) Insofar as Singleton implicitly seeks an extension of that deadline, his request is untimely given the Court's warning that an extension request be "made before the applicable cut-off date." (ECF No. 19 at 3.)

The Court declines to modify the scheduling order to allow the untimely motion for leave to amend because Singleton has not shown "good cause" for his failure to comply with that order. Fed. R. Civ. P. 16(b)(4). "A schedule may be modified only for good cause and with the judge's consent." *Id.* "Where, as here, a party moves to amend after the deadline imposed by the court's scheduling order, the moving party must

show 'good cause' for the amendment." *J.M. v. Sessions*, 162 F.4th 364, 377 (2d Cir. 2025). "The primary consideration in determining good cause is whether the moving party can demonstrate diligence." *Id.* (quotation modified).

Singleton has not shown good cause for a much-belated extension of the motions-to-amend deadline because he should have realized from the state of discovery that an extension was necessary and acted diligently by requesting a timely extension. *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) ("[A] plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline."). Here, at the parties' request, the Court made motions to amend due in March 2024, one month before the close of paper discovery. (Scheduling/Case Management Order 2, Oct. 31, 2023, ECF No. 19; *see* Joint Mot. for Disc., Oct. 24, 2023, ECF No. 18.) But Singleton waited nearly four months from the scheduling order's entry in October 2023 to serve his initial discovery demands in late February 2024—less than one month before motions to amend were due. (First Mot., Apr. 9, 2024, ECF No. 24.) Given that responses to those demands were due within 30 days, Singleton could not have reasonably expected responses by the March motions-to-amend deadline. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Indeed, as of the parties' initial discovery-extension motion, in April, Defendants' responses were still

outstanding. (ECF No. 24 at 1.) Given that the responses to his initial discovery demands were potential fodder for an amended complaint, Singleton should have acted diligently by requesting a timely extension of the motions-to-amend deadline, but he has not explained his failure to do so. *See Cook v. Howard*, 484 F. App'x 805, 816 (4th Cir. 2012) (in upholding denial of untimely motion to substitute, reasoning that plaintiffs failed to explain "why they did not file a timely motion to amend the scheduling order deadline once it became clear that sufficient discovery would not be completed in time to meet the [motions-to-amend] deadline"); *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009) (in upholding denial of untimely motion to amend, explaining that "lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order" before deadline); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609–10 (9th Cir. 1992) (upholding denial of untimely motion to amend where plaintiff's "attorneys filed pleadings and conducted discovery but failed to pay attention to the responses they received").

Furthermore, as discovery continued and the parties repeatedly sought discovery extensions, Singleton persisted in not acting diligently by not requesting a belated extension of the motions-to-amend deadline. When Defendants requested, with Singleton's consent, the initial extension of the scheduling order's deadlines, they specified that they sought

to extend discovery only. (*See* First Mot., Apr. 9, 2024, ECF No. 24.) And as discovery dragged on and the parties requested numerous further discovery extensions, Singleton never moved to extend the motions-to-amend deadline. (*See* Second Mot. for Extension of time to Complete Disc. on Behalf of All Parties, June 13, 2024, ECF No. 31; Third Mot. for Extension of Time to Complete Discovery on Behalf of All Parties, Aug. 15, 2024; ECF No. 34; Fourth Mot. for Extension of Time to Complete Discovery on Behalf of All Parties, Oct. 15, 2024, ECF No. 37; Consent Mot. for Extension of Time to Complete Disc., Apr. 15, 2025, ECF No. 46; Consent Mot. for Extension of Time to Complete Disc., July 9, 2025, ECF No. 51; Consent Mot. for Extension of Time to Complete Disc., Aug. 27, 2025, ECF No. 56; Consent Mot. for Extension of Time to Complete Disc., Sept. 3, 2025, ECF No. 58; Consent Mot. for Extension of Time to Complete Disc., Oct. 9, 2025, ECF No. 61; Consent Mot. for Extension of Time to Complete Disc., Nov. 28, 2025, ECF No. 64; Consent Mot. for Extension of Time to Complete Disc., Jan. 14, 2026, ECF No. 67; Letter Mot., Feb. 13, 2026, ECF No. 70.) Given the discovery issues necessitating repeated extensions, Singleton should have recognized that an extension of the motions-to-amend deadline was necessary as well. *See Maroney as Tr. of Premiere Realty Tr. v. Fiorentini*, 673 F. Supp. 3d 62, 68 (D. Mass. 2023) (in denying untimely motion to amend, reasoning that plaintiff could have "ask[ed] to extend the . . .

amendment deadline when the parties requested the court to adopt revised deadlines for fact discovery, experts, and summary judgment motions"); *Medrano v. Flowers Foods, Inc.*, No. CV 16-350 JCH/KK, 2018 WL 4685568, at *3 (D.N.M. Sept. 28, 2018) (in denying untimely motion to amend, noting plaintiff's lack of explanation for not requesting "an extension of the deadline for amending pleadings" "when the parties submitted their joint motion to amend case management deadlines").

Insofar as counsel is at fault for not seeking a timely extension, counsel's "apparent negligence" does not "establish 'good cause' for amending the scheduling order under Fed. R. Civ. P. 16(b)." *Scott v. New York City Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011); *see Arriola v. 658-660 Amsterdam Corp.*, No. 20-CV-1962 (VSB), 2025 WL 239110, at *2 (S.D.N.Y. Jan. 16, 2025) (explaining that "carelessness" is "not compatible with a finding of diligence" and is not "a basis for relief" under Rule 16(b)(4)) (quotation modified).

A few final points bear mentioning. First, because Singleton's motion to amend fails under Rule 16(b)(4), the Court need not consider the motion under Rule 15(a)(2)'s amendment standard. *See*, *e.g.*, *Hudson Techs., Inc. v. RGAS, LLC*, No. 21-CV-297 (JPO), 2022 WL 1644913, at *2 (S.D.N.Y. May 24, 2022). Second, the Court's denial of the motion has no bearing on whether Singleton may rely on his new allegations to support his existing claims. Third, with the motion to amend denied,

Defendants' cross-motion to reopen discovery is moot. (Cross-Mot., May 12, 2026, ECF No. 78.)

## CONCLUSION

The Court denies the motion to amend, (Mot. to Amend, Apr. 21, 2026, ECF No. 73), and the cross-motion to reopen discovery, (Cross-Mot., May 12, 2026, ECF No. 78). Within seven days of this decision, the parties shall file a joint status report proposing a due date for dispositive motions. (*See* Text Order, May 4, 2026, ECF No. 77.)

**IT IS SO ORDERED.**

Dated: October 23, 2026
Rochester, NY

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge